UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - -   x

UNITED STATES OF AMERICA          :      SEALED INDICTMENT

       -v.-                      :      20 Cr. _402_ (   )

CARY YAN,                         :
  a/k/a "Hong Hui Yan,"
  a/k/a "Chen Hong," and         :
GINA ZHOU,
  a/k/a "Chaoting Zhou,"          :
  a/k/a "Angel Zhou,"
                     :

          Defendants.         :

- - - - - - - - - - - - - - -   x

## COUNT ONE

(Conspiracy to Violate the Foreign Corrupt Practices Act)

The Grand Jury charges:

### OVERVIEW

1.   The charges set forth herein arise from a scheme by

CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA

ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants,

acting as officers, directors, employees, and agents of a New

York City-based non-governmental organization (the "NGO") and

while in New York City and other locations in the territory of

the United States, to offer and pay bribes to government

officials in the Republic of the Marshall Islands (the "RMI") to

pass certain legislation that would benefit the business

interests of YAN, ZHOU, and their associates.

FACTUAL BACKGROUND

**Relevant Places, Entities, and Individuals**

2.    The "NGO" is a non-governmental organization
established at least in or about 2016 by CARY YAN, a/k/a "Hong
Hui Yan," a/k/a "Chen Hong," GINA ZHOU, a/k/a "Chaoting Zhou,"
a/k/a "Angel Zhou," the defendants, and others.  From at least
in or about 2016 through at least in or about July 2019, the NGO
had its principal place of business in New York, New York.  At
certain times during this period, the NGO was registered as a
corporation in New York State, and at other times, it was an
unincorporated organization.  The NGO also maintained, and held
itself out as maintaining, "special consultative status" with
the United Nations ("UN") Department of Economic and Social
Affairs ("ECOSOC") from at least in or about 2016 to at least in
or about 2018.

3.    CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," the
defendant, is a businessman who operated in New York, New York;
Hong Kong; the Republic of the Marshall Islands; and elsewhere.
YAN is neither a citizen, national, nor resident of the United
States.  From at least in or about 2016 through at least in or
about 2019, YAN was and held himself out to be the President and
Chairman of the NGO.

2

4.     GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendant, acted as the executive assistant for CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," the defendant.  ZHOU is neither a citizen, national, nor resident of the United States. From at least in or about 2016 through at least in or about 2019, ZHOU was and held herself out to be the assistant to the President and Chairman of the NGO.

5.     The RMI is located in the central Pacific Ocean and consists of 29 separate atolls, or island chains.  Since 1979, the RMI has been an independent nation governed principally by a legislature.  The lower house of the RMI legislature is democratically elected, can enact legislation, and elects the president of the RMI.  The president has significant day-to-day authority but can be replaced by a vote of no confidence in the lower house.

## The 2016 to 2018 Attempt to Create the Rongelap Atoll Semi-Autonomous Region

6.     Beginning at least as early as in or about December 2016, CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants, being officers, directors, employees, and agents of the NGO, began communicating and meeting with RMI officials in both New York, New

York and the RMI concerning the development of a semi-autonomous region within a region of the RMI known as the Rongelap Atoll. The creation of the proposed semi-autonomous region would help the NGO, YAN, ZHOU, and those associated with them to obtain business by, among other things, allowing the NGO, YAN, and ZHOU to attract investors to participate in economic and social development that YAN, ZHOU, and others promised would occur in the semi-autonomous region.

7.    In a further effort to develop relationships with RMI officials with whom CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants, were meeting, in or around the same time, the NGO began paying for the travel expenses of RMI officials, including air travel to and from the RMI and hotel accommodations in New York, New York.

8.    In or about 2017, CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants, began meeting with a government official from the RMI ("Official-1") in both New York, New York and the RMI.  YAN presented himself as the President and Chairman of the NGO, and ZHOU as his assistant.  Official-1 promoted the Rongelap Atoll as a promising location to do business.  YAN invested in a

4

private business venture owned in whole or in part by Official-1, and Official-1 appointed YAN as a "special advisor" to the Rongelap Atoll.

9.     In or about April 2018, CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants, caused the NGO to host a conference in Hong Kong that was attended by, among others, RMI Officials. The purpose of the conference was to publicly launch an initiative to establish the so-called Rongelap Atoll Special Administrative Region (the "RASAR"), also known as the Rongelap Special Economic Zone or Rongelap Atoll Digital Special Economic Zone, among other names. As proposed by YAN and ZHOU, the RASAR would be created by legislation (the "RASAR Bill") that, if enacted by the RMI legislature, would significantly change the laws on the Rongelap Atoll to attract foreign businesses and investors, such as by lowering or eliminating taxation and relaxing immigration regulations. YAN planned to use the RASAR to, among other things, attract investors and customers to businesses that he would operate in the RASAR, in whole or in part through the NGO.

10. A number of RMI officials attended the April 2018 conference, including Official-1 and at least two members of the RMI legislature with the ability to vote on the RASAR Bill if and

5

when it was introduced ("Official-2" and "Official-3").   The NGO paid for the travel of those officials to Hong Kong, and for their accommodations and entertainment while there.   During the conference, Official-2 gave a speech praising the RASAR.

11.   In or about mid-August 2018, Official-2 and other RMI legislators officially introduced the RASAR Bill.  Starting before that date, and continuing until at least on or about November 1, 2018, CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants, offered and provided a series of bribes and other incentives to obtain the support of RMI legislators for the RASAR Bill, including:

a.   In or about early October 2017, ZHOU directed a foreign exchange company to wire approximately $10,000 to an RMI legislator ("Official-4"), although the foreign exchange company could not and did not ultimately complete the wire.

b.   In or about late October 2018, ZHOU provided approximately $22,000 to Official-4 free of charge or interest, which ZHOU characterized as a "loan."  Official-4 had officially sponsored the RASAR Bill in or about August 2018, and also took other actions to attempt to pass the RASAR Bill in 2018.

6

c.      In or about September 2018, YAN and ZHOU offered a cash bribe to an RMI Official ("Official-5") to support the RASAR Bill, which Official-5 refused to accept.    Official-5 was a "foreign official" as that term is used in the FCPA, Title 15, United States Code, Sections 78dd-2(h)(2)(A) and 78dd-3(f)(2)(A).

d.      Soon thereafter, in or about September or October 2018, YAN and ZHOU paid a cash bribe to Official-3.   Official-3 had officially sponsored the RASAR Bill in August 2018, and also took other actions to attempt to pass the RASAR Bill before and after this cash bribe was paid.

**The 2020 RASAR Resolution and the Additional Bribe to Official-3**

12.      In an email sent on or about December 1, 2018, to CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants, an RMI Official ("Official-6"), who had worked with YAN and ZHOU in the 2018 effort to pass the RASAR Bill, promised YAN "revenge" against the then-President of the RMI ("President-1"), who had successfully opposed the RASAR Bill.

13.      On or about November 18, 2019, the RMI held elections for the legislature.   As a result of these elections, on or about January 13, 2020, President-1 left office.   Shortly thereafter, in or about early February 2020, CARY YAN, a/k/a

7

"Hong Hui Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a

"Chaoting Zhou," a/k/a "Angel Zhou," the defendants, began

emailing and meeting with certain RMI Officials, including

Official-1, Official-2, Official-3, Official-4, and Official-6,

to continue YAN's and ZHOU's plan to create the RASAR.

14.    On or about February 14, 2020, YAN and ZHOU emailed

Official-6, promising that if the RASAR were created, Official-

6's "family will be one of the most powerful" in the RMI.

15.    In or about late February 2020, the RMI legislature

began considering a resolution that would endorse the concept of

the RASAR (the "RASAR Resolution"), a preliminary step that

would allow the RMI legislature to enact the more detailed RASAR

Bill at a later date.

16.    On or about March 7, 2020, CARY YAN, a/k/a "Hong Hui

Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou,"

the defendants, met with a close relative of Official-3 (the

"Relative") in the RMI.  During the meeting, which was recorded

by ZHOU, YAN and ZHOU gave the Relative $7,000 in cash to pass

on to Official-3, specifying that this money would be used to

induce and influence other RMI legislators to support the RASAR

Resolution.  YAN and ZHOU further stated, in sum, that they knew

that Official-3 needed more than $7,000 for this purpose, and

that YAN and ZHOU would soon obtain additional cash for Official-3.  YAN and ZHOU also discussed having previously brought larger sums of cash into the RMI through the United States, and that they planned to do so again in the future.

17.    On or about March 20, 2020, the RMI legislature passed the RASAR Resolution, with the support of Official-2, Official-3, Official-4, and Official-6, among others.

STATUTORY ALLEGATIONS

18.  From at least in or about 2016, up to and including at least in or about August 2020, in the Southern District of New York and elsewhere, CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 15, United States Code, Sections 78dd-2 and 78dd-3.

19.  It was a part and an object of the conspiracy that CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants, and others known and unknown, being officers, directors, employees, and agents of a domestic concern and stockholders

9

thereof acting on behalf of such domestic concern, would and did
willfully and corruptly make use of the mails and a means and
instrumentality of interstate commerce in furtherance of an
offer, payment, promise to pay, and authorization of the payment
of money, and offered, gifted, promised to give, and authorized
the giving of a thing of value to a foreign official, and to a
person, while knowing that all and a portion of such money and
thing of value would be offered, given, and promised, directly
and indirectly, to a foreign official, for purposes of:
(A)(i) influencing an act and decision of such foreign official
in his official capacity, (ii) inducing such foreign official to
do and omit to do an act in violation of the lawful duty of such
official, and (iii) securing an improper advantage, and
(B) inducing such foreign official to use his influence with a
foreign government and instrumentality thereof to affect and
influence an act and decision of such government and
instrumentality, in order to assist such domestic concern in
obtaining and retaining business for and with, and directing
business to, a person, in violation of Title 15, United States
Code, Section 78dd-2(a)(1) & (a)(3), to wit, YAN and ZHOU agreed
to provide and offer money and other things of value to RMI
officials, including multiple members of the RMI legislature, in

10

return for their support for legislation and other advantages
that would assist the NGO in obtaining and retaining business
opportunities for YAN, ZHOU, and others.

20.   It was a further part and an object of the conspiracy
that CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA
ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants,
and others known and unknown, would and did, while in the
territory of the United States, willfully and corruptly make use
of the mails and a means and instrumentality of interstate
commerce and do an act in furtherance of an offer, payment,
promise to pay, and authorization of the payment of money, and
offered, gifted, promised to give, and authorized the giving of
a thing of value to a foreign official, and to a person, while
knowing that all and a portion of such money and thing of value
would be offered, given, and promised, directly and indirectly,
to a foreign official, for purposes of: (A)(i) influencing an
act and decision of such foreign official in his official
capacity, (ii) inducing such foreign official to do and omit to
do an act in violation of the lawful duty of such official, and
(iii) securing an improper advantage, and (B) inducing such
foreign official to use his influence with a foreign government
and instrumentality thereof to affect and influence an act and

11

decision of such government and instrumentality, in order to assist in obtaining and retaining business for and with, and directing business to, a person, in violation of Title 15, United States Code, Section 78dd-3(a)(1) & (a)(3), to wit, YAN and ZHOU agreed to provide and offer money and other things of value to RMI officials, including multiple members of the RMI legislature, in return for their support for legislation and other advantages that would assist YAN, ZHOU, and others in obtaining and retaining business opportunities for YAN, ZHOU, and others.

Overt Acts

21.   In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed and caused to be committed by CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants, and others in the Southern District of New York and elsewhere:

a.   In or about 2016, YAN and ZHOU established the NGO's headquarters in New York, New York.

b.   In or about August 2017, YAN and ZHOU caused an employee of the NGO to arrange for the travel of Official-2 to New

12

York, New York to speak at a UN conference associated with the NGO.

        c.   In or about early October 2017, ZHOU directed a foreign exchange company to wire approximately $10,000 to Official-4.

        d.   In or about December 2017, YAN met with Official-1 at the NGO's New York, New York office.

        e.   On or about March 9, 2018, ZHOU sent an email to Official-1 attaching concept papers for an administrative region in the RMI.

        f.   On or about March 22, 2018, ZHOU sent an email to Official-1 about the NGO's upcoming conference in Hong Kong to launch the RASAR initiative.

        g.   In or about April 2018, YAN and ZHOU caused employees of the NGO in New York, New York to arrange the travel of Official-1, Official-2, and Official-3 to Hong Kong, for a conference sponsored by the NGO announcing the RASAR initiative.

        h.   On or about August 13, 2018, ZHOU sent an email to Official-3 attaching a revised draft of the RASAR legislation.

        i.   On or about September 14, 2018, YAN and ZHOU travelled from the United States to the RMI with United States

currency to pay bribes to RMI legislators to support the RASAR Bill.

   j. In or about September 2018, YAN, ZHOU, and others offered a cash bribe to Official-5 to support the RASAR Bill.

   k. In or about September or October 2018, YAN, ZHOU, and others paid a cash bribe to Official-3 to support the RASAR.

   l. In or about late October 2018, ZHOU provided approximately $22,000 to Official-4.

   m. On or about March 7, 2020, YAN and ZHOU gave the Relative $7,000 in cash to pass on to Official-3, so that this money could be used to bribe RMI legislators to support the RASAR Resolution.

   n. Also on or about March 7, 2020, YAN and ZHOU informed the Relative that, in the future, they would travel from the United States to the RMI with more United States currency to assist with their efforts to implement the RASAR.

   (Title 18, United States Code, Section 371.)

14

## COUNT TWO

(Violation of the Foreign Corrupt Practices Act:
Domestic Concern)

The Grand Jury further charges:

22.    The allegations set forth in Paragraphs One through Seventeen and Twenty-One are incorporated by reference as if set forth fully herein.

### Statutory Allegations

23.    From at least in or about December 2016, up to and including at least in or about November 2018, in the Southern District of New York and elsewhere, CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants, being officers, directors, employees, and agents of a domestic concern and stockholders thereof acting on behalf of such domestic concern, willfully and corruptly made use of the mails and a means and instrumentality of interstate commerce in furtherance of an offer, payment, promise to pay, and authorization of the payment of money, and offered, gifted, promised to give, and authorized the giving of a thing of value to a foreign official, and to a person, while knowing that all and a portion of such money and thing of value would be offered, given, and promised, directly and indirectly,

15

to a foreign official, for purposes of: (A)(i) influencing an

act and decision of such foreign official in his official

capacity, (ii) inducing such foreign official to do and omit to

do an act in violation of the lawful duty of such official, and

(iii) securing an improper advantage, and (B) inducing such

foreign official to use his influence with a foreign government

and instrumentality thereof to affect and influence an act and

decision of such government and instrumentality, in order to

assist such domestic concern in obtaining and retaining business

for and with, and directing business to, a person, to wit, YAN

and ZHOU promised, offered, and provided money and other things

of value to RMI officials, including multiple members of the RMI

legislature, in return for their support for legislation and

other advantages that would assist the NGO in obtaining and

retaining business opportunities for YAN, ZHOU, and others.

   (Title 15, United States Code, Sections 78dd-2(a)(1)(A), 78dd-
   2(a)(1)(B), 78dd-2(a)(3)(A), 78dd-2(a)(3)(B), 78dd-2(g)(2)(A);
             Title 18, United States Code, Section 2.)

16

**COUNT THREE**

(Violation of the Foreign Corrupt Practices Act:
Within the United States)

The Grand Jury further charges:

24.  The allegations set forth in Paragraphs One through Seventeen and Twenty-One are incorporated by reference as if set forth fully herein.

Statutory Allegations

25.  From at least in or about December 2016, up to and including at least in or about November 2018, in the Southern District of New York and elsewhere, CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants, while in the territory of the United States, willfully and corruptly made use of the mails and a means and instrumentality of interstate commerce and did an act in furtherance of an offer, payment, promise to pay, and authorization of the payment of money, and offered, gifted, promised to give, and authorized the giving of a thing of value to a foreign official, and to a person, while knowing that all and a portion of such money and thing of value would be offered, given, and promised, directly and indirectly, to a foreign official, for purposes of: (A)(i) influencing an act and

17

decision of such foreign official in his official capacity,
(ii) inducing such foreign official to do and omit to do an act
in violation of the lawful duty of such official, and
(iii) securing an improper advantage, and (B) inducing such
foreign official to use his influence with a foreign government
and instrumentality thereof to affect and influence an act and
decision of such government and instrumentality, in order to
assist in obtaining and retaining business for and with, and
directing business to, a person, to wit, YAN and ZHOU promised,
offered, and provided money and other things of value to RMI
officials, including multiple members of the RMI legislature, in
return for their support for legislation and other advantages
that would assist YAN, ZHOU, and others in obtaining and
retaining business opportunities for YAN, ZHOU, and others.

(Title 15, United States Code, Sections 78dd-3(a)(1)(A), 78dd-
3(a)(1)(B), 78dd-3(a)(3)(A), 78dd-3(a)(3)(B), 78dd-3(e)(2)(A);
Title 18, United States Code, Section 2.)

## COUNT FOUR

(Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

26.   The allegations set forth in Paragraphs One through
Seventeen and Twenty-One are incorporated by reference as if set
forth fully herein.

18

## Statutory Allegations

27.   From at least in or about 2016, up to and including at
least in or about August 2020, in the Southern District of New
York and elsewhere, CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen
Hong," and GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou,"
the defendants, and others known and unknown, willfully and
knowingly did combine, conspire, confederate, and agree together
and with each other to violate Title 18, United States Code,
Section 1956(a)(2)(A).

28.   It was a part and an object of the conspiracy that
CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA
ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants,
and others known and unknown, would and did knowingly transport,
transmit, and transfer, and attempt to transport, transmit, and
transfer, a monetary instrument and funds from a place in the
United States to and through a place outside of the United
States and to a place in the United States from and through a
place outside of the United States, with the intent to promote
the carrying on of specified unlawful activity, to wit, (a) the
violations of the Foreign Corrupt Practices Act charged in
Counts Two and Three of this Indictment and (b) offenses against
a foreign nation (the RMI) involving bribery of a public

19

official, in violation of Title 18, United States Code, Section 1956(a)(2)(A), to wit, YAN and ZHOU agreed to transport, transmit, and transfer, and cause to be transported, transmitted, and transferred, funds from China and elsewhere to and through the United States, and from the United States to the RMI and elsewhere, in furtherance of a scheme to promise, offer, and provide money and other things of value to RMI officials, including multiple members of the RMI legislature, in return for their support for legislation and other advantages that would assist the NGO, YAN, ZHOU, and others in obtaining and retaining business opportunities for YAN, ZHOU, and others.

(Title 18, United States Code, Section 1956(h).)

## COUNT FIVE

(Money Laundering)

The Grand Jury further charges:

29.   The allegations set forth in Paragraphs One through Seventeen and Twenty-One are incorporated by reference as if set forth fully herein.

### Statutory Allegations

30.   From at least in or about December 2016, up to and including at least in or about November 2018, in the Southern District of New York and elsewhere, CARY YAN, a/k/a "Hong Hui

20

Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou,"
a/k/a "Angel Zhou," the defendants, knowingly transported,
transmitted, and transferred, and attempted to transport,
transmit, and transfer, a monetary instrument and funds from a
place in the United States to and through a place outside of the
United States and to a place in the United States from and
through a place outside of the United States, with the intent to
promote the carrying on of specified unlawful activity, to wit,
(a) the violations of the Foreign Corrupt Practices Act charged
in Counts Two and Three of this Indictment, and (b) offenses
against a foreign nation (the RMI) involving bribery of a public
official, to wit, YAN and ZHOU transported, transmitted, and
transferred, and caused to be transported, transmitted, and
transferred, funds from China and elsewhere to the United
States, and from the United States to elsewhere, in furtherance
of a scheme to promise, offer, and provide money and other
things of value to foreign officials in the RMI, including
multiple members of the RMI legislature, in return for their
support for legislation and other advantages that would assist
the NGO, YAN, ZHOU, and others in obtaining and retaining
business opportunities for YAN, ZHOU, and others.

   (Title 18, United States Code, Sections 1956(a)(2)(A) and 2.)

FORFEITURE ALLEGATIONS

31.  As a result of committing the offenses alleged in Counts One through Three of this Indictment, CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

32.  As a result of committing the offenses alleged in Counts Four and Five of this Indictment, CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real or personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses.

22

## Substitute Assets Provision

33.    If any of the above-described forfeitable property, as a result of any act or omission of CARY YAN, a/k/a "Hong Hui Yan," a/k/a "Chen Hong," and GINA ZHOU, a/k/a "Chaoting Zhou," a/k/a "Angel Zhou," the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of

23

said defendants up to the value of the above forfeitable

property.

        (Title 18, United States Code, Sections 981 and 982;
             Title 21, United States Code, Section 853;
             Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
AUDREY STRAUSS
ACTING UNITED STATES ATTORNEY

_____
ROBERT ZINK
CHIEF, FRAUD SECTION
CRIMINAL DIVISION