

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 29, 2022

**BY ECF & EMAIL**

The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Cary Yan and Gina Zhou*, 20 Cr. 402 (NRB)

Dear Judge Buchwald:

    The Government respectfully requests that the Court enter the attached proposed protective order, which has been signed by counsel to both defendants, on consent.

                              Respectfully submitted,

                                DAMIAN WILLIAMS
                                United States Attorney

              By:   /s/_____
                     Lara Pomerantz
                     Hagan Scotten
                     Derek Wikstrom
                     Assistant United States Attorneys
                   (212) 637-2343 / 2410 / 1085

Cc:    All counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

CARY YAN,
   a/k/a "Hong Hui Yan,"
   a/k/a "Chen Hong," and
GINA ZHOU,
   a/k/a "Chaoting Zhou,"
   a/k/a "Angel Zhou,"

                *Defendants.*

**Protective Order**

20 Cr. 402 (NRB)

Upon the application of the United States of America, with the consent of the defendants, who have signed this order by and through their respective counsel of record, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

WHEREAS, the Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases;

WHEREAS, certain discovery the Government intends to provide includes materials (the "Protected Materials") that (i) affect the privacy, confidentiality, safety, and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) are not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case;

WHEREAS, the Government recognizes its obligation to provide the Protected Materials to the defendants, consistent with the need to protect the confidentiality interests of others;

AND WHEREAS, the Government has demonstrated good cause for the relief set forth herein;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, pursuant to Federal Rule of Criminal Procedure 16(d):

1. Discovery materials designated as "Protected Materials" by the Government may be used by the defendants and their respective defense counsel, including any successor counsel ("the Defense") only for purposes of defending the charges, in connection with any sentencing, and pursuing any appeals, in relation to the above-referenced case.

2. Protected Materials shall not be:

    a. Disclosed in any form by the Defense to any third party or to the media, except as set forth in paragraph 3 below; or

    b. Posted to any internet site or network site to which persons other than the parties hereto have access.

3. The Protected Materials and the information contained or disclosed therein may be disclosed to third parties by the Defense only to the following persons (collectively, "Designated Persons"):

    a. Legal, investigative, secretarial, clerical, paralegal, and student personnel employed full- or part-time by the defendants' respective counsel of record and who are participating in the legal defense of this action;

b. Independent expert witnesses, jury consultants, document hosting personnel, investigators, translators, interpreters, or advisors retained by the Defense in connection with this action;

c. Fact witnesses interviewed by the Defense and/or persons in subparagraphs (a) and (b) above in the course of investigating the above-captioned case;

d. Such other persons as hereafter may be authorized by the Court upon a motion by defendant(s).

4. The Government may authorize, in writing, disclosure of Protected Materials beyond that otherwise permitted by this Order without further Order of this Court.

5. The Defense shall provide a copy of this Order to Designated Persons to whom Protected Materials are disclosed pursuant to paragraph 3, and Designated Persons shall be subject to the terms of this Order.

6. This Order does not prevent the disclosure of any Protected Materials in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1. With respect to any Protected Materials that the Defense intends to file publicly or to specifically describe in a public filing, the defendant making the filing must either (i) file the Protected Materials under seal, or (ii) provide reasonable notice to the Government to permit the parties to confer on the proper treatment of the Protected Materials. If the parties are unable to reach agreement as to whether redactions to the public filings are warranted, or to the extent of such redactions, the parties will seek Court resolution before the document is publicly filed or specifically described in a public filing.

7. Except for Protected Materials that have been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Protected Materials within

3

30 days of the expiration of the period for collateral relief, including but not limited to relief pursuant to 28 U.S.C. § 2255; the period for direct appeal from any verdict in the above-captioned case; the period for direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

8. This Order places no restrictions on a defendant's use or disclosure of Protected Materials that originally belonged to the defendant.

9. Any disputes regarding the designation of discovery material as Protected Materials, or any other dispute concerning this Order, which cannot be resolved among the parties, will be brought to the Court for a ruling before any public disclosure not permitted by this Order is made. [Remainder of this page intentionally left blank.]

10. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: 9/29/2022
Lara Pomerantz / Hagan Scotten / Derek Wikstrom
Assistant United States Attorneys

_____          Date: 9/29/2022
Edward Kim
Jonathan Bolz
Georgia Kostopoulos
Counsel for Cary Yan

_____          Date: 9/29/2022
Shawn Crowley
Mark Weiner
Counsel for Gina Zhou

SO ORDERED:

Dated: New York, New York
       September 29, 2022

_____
HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE